UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KYLE PETERSON

        Plaintiff(s),

-against-

THE CITY OF NEW YORK,
P.O. "JANE DOE" AND
"JOHN DOE" 1-10.

1 'through' 10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).
        Defendant(s).

**ORIGINAL**

**10 - 5254**

CASE No.: _____

**COMPLAINT**

PLAINTIFF(S) DEMAND
TRIAL BY JURY

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 15 2010 ★
BROOKLYN OFFICE

COGAN, J.

        Plaintiff KYLE PETERSON, by his attorney, PAUL A. HALE, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff is also asserting supplemental state law tort claims.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391 (b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, KYLE PETERSON is a white male born in 1984 and a citizen of the United States.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

10. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

## FACTUAL ALLEGATIONS

11. On 12/4/2007 at approximately 3 AM the plaintiff was at the intersection at Classon Ave. and Madison Ave in Brooklyn, NY county of Kings.

12.     At the above time and place plaintiff was legally riding his unicycle on the sidewalk.

13.     Plaintiff is a trained acrobat and a professional circus performer, specifically in the skills of juggling, hula-hoop and unicycling.

14.     Plaintiff works for Big Apple Circus as a performer and trainer.

15.     Plaintiff frequently uses one of his many unicycles for basic transportation around New York City.

16.     At the above time and place plaintiff was stopped by two plain clothes detective riding in an unmarked car.

17.     One of the detectives asked for plaintiff's ID and then took plaintiff's passport.

18.     Plaintiff was then detained by a detective for approximately 30 minutes in the dead of winter while the summons was written.

19.     Plaintiff was also taunted by the detectives for riding the unicycle; at one point a detective began singing "circus" music to plaintiff.

20.     Plaintiff was issued a summons for violation of *NYC Code § 19-176 Bicycle operation on sidewalks prohibited.*

21.     The statute states that, "The term "bicycle" shall mean a two or three wheeled device upon which a person or persons may ride...".

22.     Plaintiff had to make one court appearance where the summons was dismissed.

23.     This was plaintiff's first contact with police in his lifetime.

24.     At the above time and place plaintiff was wrongfully detained without a warrant, probable cause, or consent.

25.     There was no reasonable suspicion of wrongdoing when plaintiff was approached,

seized, detained, and prosecuted.

26. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights.

27. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

28. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

29. During the events described above, defendants acted maliciously and with the intent to injure plaintiff.

30. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

    A. An arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty without due process of law;

    D. Excessive force imposed upon him;

    E. Summary punishment imposed upon him; and

    F. Denied equal protection under the law.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. S 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

33.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

36.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37.     The acts complained of deprived plaintiff of his rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have excessive force imposed upon him;

    E. Not to have summary punishment imposed upon him; and

    F. To receive equal protection under the law.

**WHEREFORE,** plaintiff demands judgment in the sum of one million dollars ($1,000,000) in compensatory damages, two million dollars ($2,000,000) in punitive damages, plus reasonable

attorney's fees, costs, and disbursements of this action.

Dated: 11/15/2010
       Brooklyn, NY

 

Attorney for Plaintiff(s)
PAUL HALE ESQ. [PH-8273]
26 Court Street, Suite 1901
Brooklyn, NY 11242
PHONE: (718) 554-7344